UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
      v.                            )    Cr. No. 13-036 S
                                    )
AARON YOUNG,                        )
                                    )
            Defendant.              )
_____ )

## OPINION AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant Aaron Young's motion to vacate, set aside, or correct his sentence, in violation of 28 U.S.C. § 2255. For the reasons set forth below, the Court holds that Rhode Island second-degree robbery, pursuant to R.I. Gen. Laws § 11-39-1, does not constitute a violent felony under the force clause of the Armed Career Criminal Act ("ACCA"), see 18 U.S.C. § 924(e). The Court will schedule a hearing on Defendant's motion to vacate and resentencing forthwith.

I.   Background

On October 31, 2013, Young entered a guilty plea and was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count I) and possession with intent to distribute cocaine (Count II). (See Docket, Oct. 31, 2013.) Probation prepared a presentence investigation report ("PSR") that indicated that Defendant had at least three

predicate offenses that made him eligible for a sentence under ACCA, 18 U.S.C. § 924(e), and that he qualified as a Career Offender pursuant to U.S.S.G. § 4B1.1(a). (See PSR ¶¶ 31-32, ECF No. 31.) Specifically, the PSR indicated that Young had been previously convicted of, among other things, drug trafficking; Rhode Island assault with a dangerous weapon; discharging a gun during a violent crime; and second-degree robbery.[1] (See id. ¶¶ 31-32, 55.)

ACCA provides for a sentence of at least 180 months but not more than life imprisonment for possessing a firearm or ammunition when a person has three prior convictions by any court for violent felonies or serious drug offenses or a combination of both. See 18 U.S.C. § 924(e). In the absence of an ACCA designation, a conviction for being a felon in possession of a firearm carries with it a maximum sentence of

---

[1] According to the PSR, following a single altercation in September 2001, Defendant was convicted of felony assault and discharging a firearm during a violent crime. (See PSR ¶ 55, ECF No. 31.) From the convictions arising out of that day's events, Probation listed only Felony Assault (or, Rhode Island ADW) as an ACCA-predicate offense. (See id. ¶ 32.) The Government now asserts that the discharging-a-firearm offense should be considered by the Court as an ACCA predicate. (See United States' Resp. to Pet. under 28 U.S.C. § 2255 Johnson Claim in ACCA Case 1, ECF No. 46.) Because Defendant no longer has three predicate offenses for the reasons set forth herein, the Court does not address the merits of the Government's argument.

120 months.  See 18 U.S.C. § 924(a)(2).

On January 23, 2014, the Court (Lisi, J.) sentenced Young to 216 months of incarceration as to Counts I and II, to be served concurrently.  On June 13, 2016, Young filed the instant motion to vacate, arguing that, in light of the Supreme Court's decision in Johnson v. United States (Johnson II), 135 S. Ct. 2551 (2015), he no longer qualifies as an Armed Career Criminal, as set forth in 18 U.S.C. § 924(e).  (See Mot. to Vacate Sentence under 28 U.S.C. § 2255 ("Def.'s Mot. to Vacate") 1, ECF No. 43.) Specifically, he argues that the Rhode Island offenses of assault with a dangerous weapon, in violation of R.I. Gen. Laws § 11-5-2, and second-degree robbery, in violation of R.I. Gen. Laws § 11-39-1, no longer constitute violent felonies under ACCA or crimes of violence under the U.S. Sentencing Guidelines. (Id. at 12.)

Recently, the Court (Chief Judge Smith and Judge McConnell, jointly) issued an opinion holding that Rhode Island assault with a dangerous weapon is not a violent felony as it is defined by ACCA.  See, e.g., United States v. Sabetta, 00-cr-135-S-PAS, 2016 WL 6157454, at *12 (D.R.I. Oct. 24, 2016).  That opinion did not address, and the undersigned specifically reserved the question of, whether Rhode Island second-degree robbery constitutes a violent felony under ACCA.  The Court now addresses that question.

3

II.  Analysis

Young argues that his conviction for Rhode Island second-degree robbery no longer qualifies as an ACCA-predicate offense because the force necessary to satisfy a conviction under R.I. Gen. Laws § 11-39-1(b) encompasses more conduct (i.e., force "as to afford resistance"), than the force required by _Johnson v. United States_ (_Johnson I_), 559 U.S. 133 (2010) (i.e., force capable of causing physical injury).[2]

A.  The Categorical Approach

A felony conviction qualifies as an ACCA-predicate offense under the force clause if the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  To determine whether an offense qualifies as a violent felony, the

---

[2] In a cursory per curiam opinion, _see generally_ _United States v. Schofield_, 114 F.3d 350 (1st Cir. 1997), the First Circuit held that, "Rhode Island's second degree robbery offense is plainly a predicate offense for purposes of the ACCA."  Given that _Johnson I_ was issued after _Schofield_, and that the decision does not address the arguments Defendant raises here, the Court is not bound by _Schofield_.  _See_ _Greenier v. Pace, Local No. 1188_, 201 F. Supp. 2d 172, 177 (D. Me. 2002) ("To the extent that the Court is unable to reconcile pre-existing First Circuit precedent with the Supreme Court's holding in an intervening case, the Court must follow the dictates of the Supreme Court."); _cf._ _United States v. Rehlander_, 666 F.3d 45, 47 (1st Cir. 2012) (holding that prior circuit panel decisions "are binding on subsequent panels but not where intervening Supreme Court precedent requires reconsideration" (citing _United States v. Rodríguez_, 527 F.3d 221, 224-25 (1st Cir. 2008)).

Court may "look only to the fact of conviction and the statutory definition of the prior offense," which is termed the "categorical approach." Taylor v. United States, 495 U.S. 575, 602 (1990). To satisfy the force clause under the categorical approach, the use, attempted use, or threatened use of violent force must be an element of the offense of conviction. See Descamps v. United States, 133 S. Ct. 2276, 2293 (2013). If a conviction for the offense is possible without proof of attempted, threatened, or actual use of violent force, then the conviction does not qualify as a violent felony, even if the defendant in fact used, attempted to use, or threatened to use violent force in the commission of the crime. See id. Put differently, the Court looks not to the facts underlying the actual conduct for which a defendant was convicted, but rather the elements of that offense. Mathis v. United States, 136 S. Ct. 2243, 2252 (2016).

B. Second-Degree Robbery

Rhode Island General Laws § 11-39-1(b) states that:

> Every person who shall commit robbery or other larceny from the person by force or threat, where there is no weapon and no injury and the victim is neither a severely impaired person or an elderly person, shall be guilty of second degree robbery and shall be imprisoned for not less than five (5) years nor more than thirty (30) years, or fined not more than ten thousand dollars ($10,000), or both.

Section "11-39-1 incorporates the common-law definition of robbery, that definition being the 'felonious and forcible taking from the person of another of goods or money [of] any value by violence or [by] putting [the victim] in fear.'" State v. Rolon, 45 A.3d 518, 524 (R.I. 2012) (quoting State v. Robertson, 740 A.2d 330, 333 (R.I. 1999)) (brackets in original).   An element of robbery is that "the taking be accomplished by force, violence, or intimidation."[3]   Rolon, 45 A.3d at 524 (quoting Robertson, 740 A.2d at 333) (emphasis added).

In Johnson I, the Supreme Court clarified the force necessary to qualify as "violent force" under ACCA.   The Court held that "physical force," as it is used in ACCA's force clause, means "violent force — that is, force capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140 (emphasis removed).   The Supreme Court explained:

> Even by itself, the word "violent" in § 924(e)(2)(B) connotes a substantial degree of force.   Webster's Second 2846 (defining "violent" as "[m]oving, acting, or characterized, by physical force, esp. by extreme and sudden or by unjust or improper force; furious; severe; vehement . . ."); 19 Oxford English Dictionary 656 (2d ed. 1989) ("[c]haracterized by the exertion of

---

[3] Defendant argues that force, violence, and intimidation are each alternative means of committing second-degree robbery under Rhode Island law.   (See Def.'s Reply to Gov't's Opp'n to Def.'s Mot. to Vacate or Correct Sentence under 28 U.S.C. § 2255 at 12, ECF No. 47.)   The Government does not dispute this, and state law supports the conclusion.

> great physical force or strength"); Black's 1706
> ("[o]f, relating to, or characterized by strong
> physical force"). When the adjective "violent" is
> attached to the noun "felony," its connotation of
> strong physical force is even clearer. See id., at
> 1188 (defining "violent felony" as "[a] crime
> characterized by extreme physical force, such as
> murder, forcible rape, and assault and battery with a
> dangerous weapon"); see also United States v. Doe, 960
> F.2d 221, 225 (C.A.1 1992) (Breyer, C.J.) ("[T]he term
> to be defined, 'violent felony,' . . . calls to mind a
> tradition of crimes that involve the possibility of
> more closely related, active violence").

Id. at 140–41.

To be sure, at first blush, the offense "second-degree robbery" and its element of "force or threat" suggest that this is an easy win for the Government. A closer look at the Rhode Island Supreme Court's case law on second-degree robbery, however, dictates otherwise.

In order to satisfy a conviction for second-degree robbery under § 11-39-1, the Rhode Island Supreme Court requires only enough force "as to afford resistance." Rolon, 45 A.3d at 524. A pair of cases, Robertson, 740 A.2d at 330, and Rolon, 45 A.3d at 518, illustrates just how little force is required for second-degree robbery in Rhode Island. In Rolon, the defendant was convicted of "snatching" a purse from an elderly woman. 45 A.3d at 519. The majority opinion concluded that there had been sufficient evidence for a jury to infer "that at the time when defendant took the purse from [the victim], she was aware of the taking and resisted it, or, at the very least, the purse was 'so

attached' to her 'as to afford resistance.'" Id. at 524 (quoting Robertson, 740 A.2d at 333). Troubled by the majority's broadening of second-degree robbery to include such a low level of force, the dissent reflected that "there [was] simply no evidence in the record suggesting that the snatching itself was so violent that it necessarily implied the use of force or fear against [the victim's] person." Id. at 527 (Flaherty, J., dissenting). Instead, there was no evidence of fear, and any force used was directed at property, not the victim. See id.

In Robertson, the court revisited a "similar question" from State v. McCune, 5 R.I. 60 (1857), in which the defendant "approached the victim, linked arms with him, exclaimed 'Damn you, I will have your watch,' and seized the victim's watch, thereby breaking the half-inch-wide silk ribbon on which the victim had worn the watch around his neck." 740 A.2d at 333 (citing McCune, 5 R.I. at 60). The Rhode Island Supreme Court reflected that, in McCune, "the force not only derived from [the defendant's] snatching of the watch but also was evidenced by the manner in which he linked arms with the victim and from his clear statement of felonious intent . . . ." Robertson, 740 A.2d at 333 (citing McCune, 5 R.I. at 61).

The level of force employed when a perpetrator cuts a purse from a person's shoulder (Rolon) or snatches a watch, expresses

felonious intent, and links arms (McCune), does not meet the level of "violent force — that is, force capable of causing physical pain or injury to another person," Johnson I, 559 U.S. at 140, contemplated by ACCA's force clause.

The Government argues that, for force to be sufficiently violent under Johnson I, it must only be "capable of causing physical pain or injury to another person." 559 U.S. at 140 (emphasis added). (United States' Resp. to Pet. under 28 U.S.C. § 2255 Johnson Claim in ACCA Case 13-14, ECF No. 46.) Thus, the Government reads Johnson I to require only enough force to create a risk of injury. This argument is a nonstarter. If the phrase "violent force" encompasses any and all force that is capable of causing physical pain or injury, in the most literal sense, then any offensive touching would fall within the definition. With any contact between two people, there is always the risk that an "eggshell" victim will suffer from a stumble backwards, a trip into oncoming traffic, or some other unforeseeable circumstance. It is plain that ACCA's force clause does not extend to that level of force. See Johnson I, 559 U.S. at 141 (explaining that "physical force," in the context of a "violent felony" means more than that encompassed by simple battery, which at common law was punishable as a misdemeanor). What is more, the dissent in Rolon suggests that second-degree robbery can be satisfied in Rhode Island where

force is directed at property, see Rolon, 45 A.3d at 527 (Flaherty, J., dissenting), and does not require the force to be used "against the person of another," see 18 U.S.C. § 924(e)(2)(B)(i).

The District of Puerto Rico reached a similar result as the Court does here in analyzing a Puerto Rico robbery statute for purposes of a sentencing enhancement under the Sentencing Guidelines. The court noted that the "evolution in Puerto Rico case law" that criminalizes a defendant yanking a chain from a boy's neck as robbery, "has had the unfortunate consequence of turning every local robbery conviction into a non-violent one for purposes of the federal guidelines." United States v. Castro-Vazquez, No. 12-cr-735-1 (JAF), 2016 WL 1312531, at *4 (D.P.R. Apr. 4, 2016). Because the Puerto Rico Supreme Court had held that necklace snatching was sufficient to satisfy a conviction for robbery, the District of Puerto Rico held that such a conviction did not constitute a "crime of violence." Id.; see also Sentencing Tr. 3-4, United States v. Montalvo, No. 13-CR-170-01 ML (D.R.I. Mar. 26, 2015) (Lisi, J.) (concluding that a conviction for Puerto Rico robbery did not qualify as a predicate for a career offender classification).

C. Procedural Default

For the reasons set forth in Sabetta, 2016 WL 6157454, at *10-12 & n.17, the Court concludes that Defendant has

10

demonstrated both cause and prejudice sufficient to excuse any failure to raise these arguments at sentencing or on direct appeal.  Accordingly, this motion is not barred by procedural default, and Defendant is entitled to relief.

   III. Conclusion

   For the foregoing reasons, the Court holds that Rhode Island second-degree robbery, in violation of R.I. Gen. Laws § 11-39-1, does not constitute a violent felony under ACCA.  The Court will schedule a hearing on Defendant's motion to vacate and resentencing forthwith.

IT IS SO ORDERED.

William E. Smith
Chief Judge
Date:  November 2, 2016